

-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEON A. HART, 08B1749,

        Petitioner,

        -v-

BRANDON SMITH,

        Respondent.

_____

DECISION AND ORDER
12-CV-6561CJS

The petitioner, Keon A. Hart, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Erie County Court, State of New York, on May 23, 2008 was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner was granted *in forma pauperis* status and directed to show why this petition should not be barred under 28 U.S.C. § 2244(d)(1) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts because more than a year has passed since the judgment became final. Petitioner's previous petition, filed in this court as 08-CV-6091Fe, was dismissed as premature, and does not qualify as a State collateral attack that would toll the limitations period. Petitioner has responded (Docket # 4). Petitioner's response does not allege that he filed any collateral attacks that would toll the statute of limitations.[1]

Petitioner's conviction became final on May 24, 2010, when his time for requesting a writ of Certiorari expired, ninety days after the date that he was denied leave to appeal by the New York State Court of Appeals on February 23, 2010. Petitioner had one year

---

[1] Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan v. Walker,* 533 U.S. 167, at 181-182 (2001)

from the date his conviction became final, plus any time tolled by a properly filed collateral attack, to file his federal habeas corpus petition.

Petitioner indicates in his response that he filed two Article 78 petitions in February of 2008. One was decided in April of 2008, two years before his conviction became final, and was thus irrelevant to tolling his time to file this petition as his one year time limit to file the petition has not yet begun. Petitioner indicates that he is unclear when the second petition was decided, but that he did not appeal that petition or the other petition decided in April of 2008.

Petitioner also indicates that he filed at least one action pursuant to 42 U.S.C. § 1983. This Court's Dockets indicate that petitioner filed at least two actions challenging the excessive force used during his arrest, one in 2007 that was settled in 2012 (07-CV-6607A) and one in 2010 that was dismissed (10-CV-6015CJS). He also filed two other actions in 2008 challenging the conditions of his confinement that were dismissed (08-CV-6206Fe and 08-CV-6185Fe). None of these actions pursuant to 42 U.S.C. § 1983 qualify as collateral attacks on his conviction that would serve to toll the time for filing his habeas corpus petition.

Petitioner has therefore failed to provide information that would indicate that his time to file this petition should be tolled. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

SO ORDERED.

Dated: Nov. 30, 2012
Rochester, New York

Charles Siragusa
CHARLES J. SIRAGUSA
United States District Judge

2